IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OMAR T.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:26-CV-02343-BU |
| FRANK BISIGNANO, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Social Security Administration's Motion to Dismiss for failure to exhaust administrative remedies. Dkt. No. 10. For the reasons explained below, the Court GRANTS the Commissioner's Motion and DISMISSES Plaintiff's Complaint without prejudice.

## I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff seeks judicial review of the final decision of the Commissioner. Venue is proper in the Northern District of Texas, Dallas Division, because Plaintiff resides in Kaufman County, Texas. Dkt. No. 3; 42 U.S.C. § 405(g). The undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties consented to the undersigned exercising jurisdiction. *See* 28 U.S.C. § 636(b)(1)(B); Special Order No. 3-

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

350 (N.D. Tex. Sept. 11, 2023).

## II. FACTUAL BACKGROUND

Plaintiff Omar T. seeks judicial review of an adverse decision of the Commissioner under 42 U.S.C. § 405(g) of the Social Security Act (the Act). Dkt. No. 3. Plaintiff filed an application for DIB, alleging a disability onset date of March 31, 2009.[2] *See* Dkt. No. 10–1 at 1–2; 10–2 at 2–5. Plaintiff was found to be disabled and entitled to DIB in September 2009.[3] *Id.* As part of his claimant obligations, Plaintiff was informed that he was required to regularly report his work activities to the agency, including work hours and wages earned. *Id.* at 3. Plaintiff later returned to work in 2010, and upon agency work review in June 2015 and May 2022, Plaintiff was found to have exhausted his nine-month trial work period in April 2013.[4] Dkt. No. No. 10–1 at 2; 10–2 at 10–11, 14–15. The agency informed Plaintiff again to maintain appropriate records of his work and earnings. *Id.*

More than fifteen years later on July 4, 2026, the agency sent Plaintiff a disability cessation notice which explained that Plaintiff's DIB had ended because of his unreported

---

[2] For reasons explained later, the Court is utilizing the Commissioner's attached documents to the Motion to Dismiss for the factual background and analysis because the documents (1) are attached to the Rule 12(b)(6) motion, (2) are referred to in the complaint, and (3) are central to the plaintiff's claim. *See George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

[3] On Plaintiff's Notice of Award, although his entitlement to DIB began in September 2009, he became disabled under the Act and the Commissioner's regulations on March 31, 2009. Dkt. No. 10–2 at 2. But, because Plaintiff had not been disabled for five consecutive months, the first month he became entitled to DIB was September. *Id.*; *see* 20 CFR § 404.315(a)(4).

[4] For context, generally a claimant cannot be both disabled and be engaged in substantial gainful activity under the Act because the substantial gainful standard is based on specific wage-earning thresholds. *See* 42 U.S.C. § 423(a), (d)(1)(A), (e); *see also* 20 C.F.R. § 404.1574(b)(2). However, in limited circumstances, a claimant can work while being considered disabled. *See* 20 C.F.R. §§ 404.1592(a), 404.1592a; *see also* 42 U.S.C. § 423(e). As the Commissioner explains in the Motion, Plaintiff was able to work under this limited exception while he received DIB because he was subject to a nine-month trial work period where the agency regularly reviewed his disability status and whether that his employment earnings were below the substantial gainful activity thresholds. *See* Dkt. No. 10 at 2, 4.

work activity and earnings in January 2023. *Id.* at 19–22. Specifically, Plaintiff failed to report his work earnings from that time, which exceeded the substantial gainful activity threshold and thereby ended his entitlement to benefits. *Id.* at 19. The cessation notice explained Plaintiff was overpaid because of his failure to update his work activity and now owed the agency $42.562.20. *Id.* at 20. The notice explained Plaintiff's right to seek reconsideration of the overpayment determination, *id.* at 20–21; Plaintiff filed for reconsideration and a request for a waiver of overpayment recovery on July 16, 2026, and sought an expeditated benefits reinstatement approximately one month later. *Id.* at 23–25. On October 11, 2026, the agency reversed on reconsideration and found that Plaintiff continued to be entitled to DIB. *Id.* at 30–24.

After reconsideration, the agency removed Plaintiff's overpayment obligations. Dkt. No. 10–1 at 3. However, for reasons unclear, on October 8, 2026, the agency erroneously overpaid Plaintiff on his reinstatement benefits, which created a new overpayment notice. *Id.* at 3–4. The agency sent Plaintiff notice that explained his overpayment options, including the ability to request reconsideration and his rights to seek waiver of his overpayment recovery. *Id.* at 4. Importantly, as the Commissioner notes, Plaintiff has not received an ALJ decision or Appeals Council review of his pending issues to constitute a final agency action. The Commissioner now moves to dismiss this case on that basis. *Id.* Plaintiff did not file a response, and the Motion is now ripe for review.

## III. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "turns on the sufficiency of the 'factual allegations' in the complaint.'" *Smith v. Bank of Am., N.A.*, 615

F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). Thus, if a plaintiff "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" they contend entitle them to relief, the claims should not be dismissed merely because the plaintiff fails to articulate the proper legal theory that otherwise makes those facts actionable in court. *Johnson*, 574 U.S. at 11–12 (citing Fed. R. Civ. P. 8(a)(2)(3), (d)(1), (e)).

Courts accept well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "Well-pleaded" means the factual allegations, while not required to be detailed, must amount to more than mere labels, conclusions, or a statement of the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Chhim*, 836 F.3d at 469.

Substantive plausibility does not require a plaintiff to plead enough facts to establish the events at issue probably occurred as alleged, but the facts must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 678–79). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Ultimately, "'[d]etermining whether a complaint states a plausible claim for relief'

is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

## IV. DISCUSSION

The Commissioner asserts that because Plaintiff has "has not yet received a final decision . . . as required to obtain judicial review under 42 U.S.C § 405(g) . . . Plaintiff lacks statutory standing to appeal any recently issued agency determinations." Dkt. No. 10 at 8. The Court will address the applicable legal principles, and the agency administrative exhaustion process below.

### A. Legal Principles

Sovereign immunity bars individual plaintiffs from suing governmental entities, absent a waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)) (citation modified). And any waiver of the United States' sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

#### 1. *Statutory Standing: 42 U.S.C. §§ 405(g)-(h)*

For a claimant-plaintiff to sue the Commissioner under Title II, they must have

received a final agency action or decision for their disability determination. Section 205(g) of the Act, 42 U.S.C. § 405(g), authorizes judicial review for Title II cases, which allows a claimant-plaintiff to sue in federal court when there is a "final decision of the Commissioner . . . made after a hearing[.]" Section 405(g) also provides that the Commissioner's hearing will be binding on all parties involved and that "[n]o findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Importantly, the Act does not define "final decision" and is left to the Commissioner's authority through promulgating regulations to define its scope and meaning. *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005) (citing *Sims v. Apfel*, 530 U.S. 103, 105 (2000)); *Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

2. *Social Security's Administrative Exhaustion Process*

Under the Commissioner's regulations, there is a four-step process for obtaining judicial review of a final agency decision. *See* 20 C.F.R. § 404.900(a). First, the claimant receives an initial determination for their filed disability application; this initial step includes overpayment notices and regular work reviews. *See* 20 C.F.R. §§ 404.900(a)(1), 404.902. Second, if the claimant receives an unfavorable initial determination, they can request reconsideration. 20 C.F.R. §§ 404.900(a)(2), 404.904, 404.907. Third, if agency reconsideration upholds the initial determination, then the claimant can request an ALJ hearing that will ultimately receive the Appeals Council review. 20 C.F.R. §§ 404.900, 404.929, 404.930, 404.955, 404.967. Finally, once the Appeals Council review is concluded, either by issuance of a decision or denial of review, a final agency decision has

occurred, and the claimant-plaintiff can seek judicial review of their disability claim in federal district court. 20 C.F.R. §§ 404.900(a)(5), 404.981, 422.205, 422.210(a); *Higginbotham*, 405 F.3d at 336–37 (holding that for purposes of judicial review, the Commissioner's "final decision" includes the Appeals Council's denial of a claimant's request for review).

**B. Application**

Preliminarily, the Commissioner maintains that a Rule 12(b)(6) motion to dismiss is the most appropriate legal vehicle to dispose of this case because Plaintiff has failed to show a final agency action to constitute administrative exhaustion. Dkt. No. 10 at 7. In the alternative, the Commissioner argues that the Court should rule in the agency's favor by granting a motion for summary judgment under Federal Rule of Civil Procedure 56, should the Court determine that there are matters outside the pleadings present. *Id.* at 7–8.

The Court finds that a Rule 12(b)(6) motion is appropriate for dismissal because a claimant's failure to exhaust is a waivable, nonjurisdictional issue.[5] *See Smith*, 587 U.S. at 478 ("While § 405(g) delegates to the SSA the authority to dictate which steps are generally required . . . exhaustion of those steps may not only be waived by the agency . . . but also excused by the courts.") (citation modified); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–418 (2023) ("Exhaustion is typically nonjurisdictional for good reason. Jurisdictional treatment of an exhaustion requirement could undo the benefits of

[5] The Supreme Court has explained that, "[s]ection 405(g) . . . provides for judicial review of 'any final decision . . . made after a hearing.' This provision . . . contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews*, 424 U.S. at 328).

exhaustion. That is, exhaustion promotes efficiency, including by encouraging parties to resolve their disputes without litigation."); *see also Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) ("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies."); *Wells v. Bisignano*, No. 25-30680, 2026 WL 2087621, at *1 n.1 (5th Cir. July 20, 2026) (finding that a plaintiff's claims should be dismissed under Rule 12(b)(6) "because exhaustion under § 405(g) is nonjurisdictional); *Violeta P. v. Bisignano*, No. 3:26-CV-0325-S-BV, 2026 WL 2120912, at *2 (N.D. Tex. June 30, 2026), *report and recommendation adopted*, No. 3:26-CV-0325-S-BV, 2026 WL 2116710 (N.D. Tex. July 22, 2026).

In this case, Plaintiff has not presented any evidence besides his Complaint, but the Commissioner has attached documents to the filed Motion to support their claim that Plaintiff has not yet received a final agency decision. *See* Dkt. No. 10. "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016) (citation modified). But "a district court may rely on evidence outside the complaint, *without* converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George*, 36 F.4th at 619 (citing *Walker*, 938 F.3d at 735) (emphasis added). Here, the Court finds that the Commissioner's documents should be relied upon for evaluating the Motion because they are attached to the Motion, reference Plaintiff's Complaint, and shows that Plaintiff has not exhausted his administrative remedies—a

central issue to his claim. *See* Dkt. No. 10.

So, upon review, the Commissioner's attachments show that Plaintiff has not received a final decision as to his current overpayment notice. Meaning, Plaintiff has failed to show plausible facts that he properly exhausted his administrative remedies to be able to seek judicial review from this Court.

Still, there is a question of whether the Court should excuse Plaintiff's exhaustion requirements. *See Bowen v. City of New York*, 476 U.S. 467, 484 (1986); *see also Mathews*, 424 U.S. at 330; *see also Berryhill*, 587 U.S. at 478. For the Court to excuse Plaintiff's exhaustion obligations, he must show: (1) the claims in the lawsuit are collateral to claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced; and (3) exhaustion would have been futile. *City of New York*, 476 U.S. at 484. Even if Plaintiff had responded, he is unable to show any of these factors. First, Plaintiff's benefits claims are central to his lawsuit. Second, there is no evidence of irreparable injury, especially since the Commissioner erroneously paid Plaintiff DIB benefits he was not entitled to. And finally, exhaustion would not be futile—Plaintiff may very well receive a favorable determination to his pending overpayment status, and the Court cannot act before a final agency decision has been made. Therefore, the Court should not excuse Plaintiff's exhaustion requirements.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS the Commissioner's Motion, and DISMISSES Plaintiff's Complaint without prejudice for failure to exhaust his administrative remedies.

ORDERED this 24th day of November 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE